**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30266 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00015-SPW-1 |
| v. | |
| JACK PRESTON COVERSUP, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 9, 2022[**]
Seattle, Washington

Before: IKUTA and MILLER, Circuit Judges, and PREGERSON,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

Jack Preston Coversup appeals the district court's denial of his motion for a mistrial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in denying Coversup's motion for a mistrial, because Coversup failed to show that he suffered actual prejudice resulting from the fourteen-day jury separation. *United States v. Diggs*, 649 F.2d 731, 738 (9th Cir. 1981), *overruled on other grounds by United States v. McConney*, 728 F.2d 1195 (9th Cir. 1984) (en banc). Coversup argues that he was prejudiced because the jury was impacted by memory loss, but the jury's request for a transcript of a single day of non-technical testimony, without more, does not constitute evidence of actual prejudice. *Cf. United States v. Hay*, 122 F.3d 1233, 1236 (9th Cir. 1997). Moreover, our prior conclusion that a 48-day separation is per se prejudicial, *see id.*, is not applicable here. Rather, the fourteen-day separation here is shorter than the eighteen-day separation we have previously upheld. *See id.*

Because Coversup lacked "a legitimate claim of seriously prejudicial error," *United States v. Dinitz*, 424 U.S. 600, 610 (1976), resulting from the fourteen-day jury separation, any error by the district court in using the "manifest necessity" standard to evaluate Coversup's motion instead of the lower standard suggested in *Dinitz* was harmless.

2

**AFFIRMED.**